DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Sylvania Municipal Court in a domestic violence case. Because we conclude that the verdict was not against the manifest weight of the evidence and appellant received effective assistance of counsel, we affirm.
Appellant, Barry L. Nehls, was charged with one count of domestic violence, in violation of R.C. 2919.25. The charge stemmed from an incident which occurred between appellant and his wife, Karen Nehls, at appellant's business consulting office. At trial, evidence was presented that appellant and his wife engaged in a verbal argument which escalated into a physical confronta-tion.
Karen Nehls testified that on the morning of October 6, 1999, she went to the office where she and her husband worked. She was upset because appellant had refused to talk to her on the telephone. According to Karen Nehls, when she arrived, appellant still refused to talk to her. She and appellant then had a heated argument and she walked over to his desk. In response to a comment made by appellant, Karen tried to slap him, but appellant thwarted her attempt. Karen Nehls, who is five feet four inches in height and weighs approximately one hundred twenty pounds, testified that appellant then grabbed her by the throat, picked her up and threw her. According to Karen Nehls, appellant, who is six feet one inch in height and weighs approximately two hundred thirty pounds, threw her down four times and grabbed her arms and wrists. She stated that while her memory was somewhat blurred, she was later told that she hit her head on the photocopier. She also realized that a necklace she had been wearing had been torn off during the incident. She acknowledged that during the altercation she told appellant, "I have a gun," but denied carrying it with her or threatening appellant with it.
Karen Nehls testified that appellant then received a phone call. She left the office and went home. She stated that she changed her clothes and then went out to her car to call the police. At the direction of police, Mrs. Nehls went to the hospital to seek treatment for her swollen wrist, which she feared was broken. After talking with the doctor, she realized that the police would be involved in the incident. As a result, she left the hospital without receiving treatment.
Later, the police pulled Karen Nehls over because appellant had reported that she had said she had a gun. The police searched her and her car but did not find a firearm. She then went back to the hospital where she spoke with police and photos were taken to document her injuries. The photos, which were admitted into evidence, revealed the following: a swollen, bruised left eye; a bruised, swollen nose; bruising and swelling of her left wrist; bruises on her arms and legs; and a scratch on her neck.
Officer Thomas Smith testified that he took a report from appellant regarding the alleged incident of domestic violence. He stated that appellant appeared rational and calm, was well-dressed, and did not have any injuries to his body or marks on his hands. The officer said that the office generally appeared to be in order, with a few items knocked over. Officer Smith stated that he also found a piece of a broken necklace on the floor near a table in the lobby. Appellant reported to the officer that, although he did not see a weapon, Mrs. Nehls had threatened him by stating she had a gun. Appellant told the officer that Mrs. Nehls had been "out of control," throwing things and knocking over displays and items off his desk. Appellant reported that when Mrs. Nehls physically struck him in the head, face, and groin, he picked Mrs. Nehls up twice "to get away from her, to subdue her, control her." Appellant advised the officer that Mrs. Nehls may have hit her head on the photocopier and the lobby area table.
Officer Smith then testified that he later located and stopped Karen Nehls in her vehicle. Karen Nehls told him she had a gun at her home, but had not taken it to the office. The officer testified that no weapon was found. The officer noticed that Karen Nehls had severe bruises on her left eye, nose, arms, and wrist. He also observed dried blood on her lips. Upon her return to the hospital, Karen Nehls told the officer about the argument and her attempt to slap appellant; she said that the injuries were caused by appellant. Officer Smith corroborated that photographs were taken of her at the hospital and both parties gave written statements as to the incident. The state then rested.
Appellant testified that his wife came to the office, confronted him about the state of their marriage, threatened to shoot him with a gun, and physically assaulted him. Appellant stated that he restrained his wife three times and pushed her away twice. Appellant stated that she may have hit her head on a table or a copier during the fight. Appellant testified that he thought about what to do, cleaned up the office and decided to call police approximately one hour after the altercation to make a report. Appellant denied striking Karen Nehls and stated that his actions were only to restrain her.
The court found appellant guilty of committing domestic violence and ordered the following: $300 fine plus costs, mandatory counseling, no contact with Karen Nehls, and ten days incarceration.
Appellant now appeals that conviction, setting forth the following two assignments of error:
 "Appellant's conviction for domestic violence was against the manifest weight of the evidence.
 "Appellant is entitled to a new trial because he was rendered ineffective assistance of counsel."
 I.
Appellant, in his first assignment of error, contends that his conviction was against the manifest weight of the evidence.
A reviewing court on manifest weight issues is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra, at 175.
R.C. 2919.25(A) states, in pertinent part that:
 "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
With regard to the mens rea element under R.C. 2919.25(A), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). See, also, State v. Lesho (Oct. 23, 1998), Trumbull App. No. 97-T-0161, unreported.
In this case, our review of the record reveals that appellant intentionally and repeatedly pushed his wife, causing her to fall and hit her head. He also physically restrained her in such a manner so as to cause severe bruising and injury to her wrist. While we do not necessarily presume that a larger person is always the aggressor, in this instance, appellant, who is almost twice the weight of his wife, utilized force far beyond what was necessary to prevent her alleged assault. The injuries to her head, nose, and mouth were not consistent with a gentle shove and a "bump on the head." In this case, appellant acted knowingly as he would have been aware that his conduct would probably injure his wife. Therefore, we cannot say that the trial court clearly lost its way in resolving the conflicting evidence before it. Consequently, the verdict was not against the manifest weight of the evidence.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, argues that he did not receive effective assistance of counsel.
In order to prove ineffective assistance of counsel, a defendant must show 1) that defense counsel's representation fell below an objective standard of reasonableness and 2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. See also Strickland v. Washington (1984), 466 U.S. 668, 694.
In this case, appellant points to alleged, general failures of trial counsel, in addition to counsel's failure to object to certain testimony and to cross-examine effectively. Upon a complete examination of the record, we conclude that what appellant is referring to involves issues of strategy, method, and style, rather than effectiveness. While another attorney may have taken a different approach, we cannot say that the actions taken by appellant's counsel fell below an objective standard of reasonableness. Therefore, appellant has failed to establish that he did not receive effective assistance of counsel.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Sylvania Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ James R. Sherck, J.
 Mark L. Pietrykowski, J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.